**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-cv-02686-WDM-MEH

WAYNE TOMLINSON,
ALICE BALLESTEROS,
GARY MUCKELROY,
individually and on behalf of
all others similarly situated,

           Plaintiffs,

v.

EL PASO CORPORATION, and
EL PASO PENSION PLAN,

           Defendants.

---

**PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF**
**CERTAIN DOCUMENTS**

---

The parties to this action stipulate to the entry of the following Protective Order:

**A.** **DEFINITIONS**

    1.    When used in this Protective Order, the term "Confidential" means: (1) sensitive personal information of current and former employees and members of their families, including phone numbers, social security number, dates of birth, salaries and wages, personnel records, the name of any such person's spouse, dependents, or beneficiaries, or other sensitive personal information relating to such persons; (2) confidential and proprietary business information, including trade secrets, proprietary computer programs, or confidential commercial information that, if disclosed, would result in competitive harm to the producing party; (3) other private information protected from disclosure by statute. Documents which have been communicated

without confidentiality restrictions to governmental agencies or third-parties who do not share a commonality of interest shall not be Confidential under this paragraph. Any other documents the disclosure of which a party or non-party believes will cause annoyance, embarrassment or oppression may be the subject of a motion pursuant to FRCP 26(c), but shall not be marked as Confidential unless the definition of Confidential in this paragraph otherwise covers them.

2.	When used in this Protective Order, the term "Document" means any written, recorded or graphic matter and any electronically-stored information whatsoever produced by any party to this action, or by any non-party who produces documents in this litigation, including information produced on computer disks or tapes; and any copies, reproductions or summaries of the foregoing, including electronic or microfilm copies.

### B.	DISCOVERY AND USE OF CONFIDENTIAL DOCUMENTS

3.	Discovery in this proposed class action is expected to include the production of Confidential documents. In stipulating to this Protective Order, the parties have considered the following factors:

(A)	It is desirable for the parties and non-parties producing Documents in connection with this litigation and their respective counsel to coordinate their efforts and exchange information for purposes of this litigation in the most expeditious fashion possible.

(B)	Documents which are and may be sought in discovery and exchanged in this litigation may be of a Confidential nature.  The purpose of this Protective Order is to protect the confidentiality of such Documents.

(C)	Plaintiffs will also seek the production of Confidential information from some non-parties.  The parties believe that production of such information should be subject to a Protective Order governing disclosure and use of such Documents.

4.   The marking of any Document as "Confidential" is a representation by counsel for any party to this litigation that counsel has made a good-faith determination that the document is, in fact, Confidential as defined in Paragraph 1. To expedite the production of Documents and the progress of discovery, a party may mark as Confidential any Document in its possession which a non-party asserts is Confidential within the meaning of Paragraph 1, and a non-party may mark as Confidential any Document produced by that non-party which satisfies the definition.  Counsel for any non-party who marks a Document as Confidential shall work, in good faith and on an informal basis, to resolve any disputes regarding whether a Document is Confidential and whether the Confidential marking should be withdrawn with regard to all or some part of the Document.

5.   If any party objects to the marking of any document as Confidential, he or she shall inform counsel for the producing party and counsel for any other parties in writing of the specific grounds of objection.  All counsel shall then, in good faith and on an informal basis, attempt to resolve any such dispute.  If after such good faith attempt, counsel are unable to resolve their dispute, any attorney may move for an order consistent with this Protective Order and FRCP 26(c). The burden rests on the party or non-party who marked the document as Confidential to demonstrate that the designation is proper.  The document shall continue to be treated as Confidential from the time it is produced until the ruling by the Court.

6.   All Documents marked "Confidential" shall be used solely for the prosecution and/or defense of this action, including discovery, motions, trial, and any and all appeals. Documents marked Confidential shall not be disclosed outside this litigation except in accordance with the terms, conditions and restrictions of this Protective Order.  Except by consent of the party or non-party producing the marked Documents, or by order of the Court,

marked Documents produced in these proceedings shall not be used for any other purpose, including without limitation any business or commercial purpose.

       7.      For purposes of preparation for trial and appeal of this action only, and subject to the terms, conditions and restrictions of Paragraph 6 of this Protective Order, discovering counsel may disclose Documents marked Confidential to the following persons:

       (A)      Counsel working on this action on behalf of any party, and counsel's paralegal, secretarial and clerical employees who are assisting in the preparation and trial or appeal of this action.

       (B)      Parties hereto, employees of parties or counsel to this action who are involved in one or more aspects of organizing, filing, coding, converting, storing or retrieving data and/or designating programs for handling data connected with this action, including the performance of such duties in relation to a manual or computerized litigation support system, and employees of third-party contractors performing one or more of these functions for one or more such parties.

       (C)      Experts and consultants retained, specially employed, or informally consulted by counsel concerning the preparation and trial of this action and their secretarial and clerical employees who are assisting in preparation for trial or appeal of this action.

       (D)      Witnesses or potential witnesses in this action.

       (E)      Court reporters and other persons involved in recording deposition testimony in this action by any means, including, without limitation, by audio or videotape.

       (F)      Employees of copying and/or microfilming services who are involved with providing copying or microfilming services to counsel for any party to this action.

      (G)    The Court and any persons employed by the Court whose duties require access to any confidential material.

8. Before disclosing any Documents to any person specified in Paragraph 7(A) through (F) above, discovering counsel shall advise said persons of the provisions of Paragraph 6 of this Protective Order and obtain that person's agreement to abide by the terms of this Protective Order.

9. Documents marked "Confidential" which are filed with the Court, or with the Court of Appeals, in support of or in opposition to any motion or appellate filing, may be filed under seal upon motion pursuant to D.C.COLO.LCivR. 7.2 and pursuant to any appellate procedural rule or order with the required showing of compelling reasons sufficient to outweigh the public interest in access to judicial records.

10. At the final pre-trial conference in this matter, the parties shall agree upon, or the Court shall order, a procedure for the admission of Documents marked Confidential into evidence during the trial of this case consistent with D.C.COLO.LCivR. 7.2.

    **C.**    **MISCELLANEOUS PROVISIONS**

11. This Protective Order shall continue to be binding after the conclusion of this litigation, including any and all appeals, except that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order.

12. This Protective Order may be modified stipulation among all the parties, approved by the Court, or by application to the court by any party. Nothing in this Protective Order shall prohibit a party from seeking further protection of discovery materials by moving for an Order under FRCP 26(c) or by stipulation among all the parties, subject to Court approval.

13. This Protective Order is without prejudice to any party's right to assert the attorney-client privilege or work-product protection, or to any other party's right to contest any such assertion.

Dated: December 15, 2006	LAW OFFICES OF STEPHEN R. BRUCE

By: s/ Stephen R. Bruce
    Stephen R. Bruce
    Attorney for the named Plaintiffs
    Tomlinson, Ballesteros and Muckelroy

Dated: December 15, 2006	ROSEMAN & KAZMIERSKI, LLP

By: s/ Barry Roseman
    Barry Roseman
    Attorneys for the named Plaintiffs

Dated: December 15, 2006	GROOM LAW GROUP, CHARTERED

By: s/ Christopher J. Rillo
    Christopher J. Rillo
    Attorneys for Defendants El Paso
    Corporation and El Paso Pension Plan

Dated: December 15, 2006	WHEELER TRIGG KENNEDY, LLP

By: s/ Raymond W. Martin
    Raymond W. Martin
    Attorneys for Defendants El Paso
    Corporation and El Paso Pension Plan

IT BEING SO STIPULATED, it is so ORDERED this 26th day of December, 2006, and this Protective Order shall hereafter govern the discovery of Confidential documents in this action.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge