IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02686-WDM-MEH

WAYNE TOMLINSON,
ALICE BALLESTEROS, and
GARY MUCKELROY,
individually and on behalf of all others similarly situated,

       Plaintiffs,

v.

EL PASO CORPORATION, and
EL PASO PENSION PLAN,

       Defendants.

---

**ORDER ON MOTION TO COMPEL PRODUCTION AND UNOPPOSED RENEWED MOTION TO AMEND SCHEDULING ORDER TO EXTEND TIME**

---

Before the Court are Plaintiffs' Motion to Compel Production [doc #146] and Unopposed Renewed Motion to Amend Scheduling Order to Extend Time [doc #143]. These matters are now fully briefed and have been referred to this Court for resolution [respectively, docs #147 and #144]. The Court heard oral argument on the Motions on August 9, 2007. For the reasons stated below, the Court **grants** the Motion to Compel, and **grants in part** and **denies in part** the Motion to Amend Scheduling Order.

## BACKGROUND

In December 2004, Plaintiffs filed their Complaint in this matter alleging that El Paso's conversion from a traditional defined benefit pension plan to a "cash balance" formula violated ERISA and the ADEA. [Doc #1.] The parties exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on April 22, 2005, an on June 10, 2005, Plaintiffs served their First Requests for

Production of Documents. On June 21, 2005, Magistrate Judge O. Edward Schlatter ordered a stay of discovery pending resolution of Defendants' motion to dismiss. [Doc. #31.] A new scheduling order was entered on October 25, 2006, which re-opened discovery. [Doc. #78.] On November 3, 2006, Plaintiffs requested that Defendants supplement their initial disclosures to include, *inter alia*, "the pension records and data for the three named Plaintiffs"; Defendants agreed to "look for these documents." [Motion, Exh. 2.]

I.  Attorney Communications re: Requested Discovery

On March 27, 2007, Defendants changed lead counsel. On April 4, 2007, Plaintiffs notified the Defendants' new lead counsel by email that certain requested documents/information had not been produced in discovery including, "[t]he four named Plaintiffs' pension records" and "the systems documentation for the pension system." [Reply, Exh. 8.] On April 25, 2007, Defendants responded that, with respect to the named Plaintiffs' pension records, "there are no statements [showing the estimated value of the benefit] to produce," and with respect to the systems documentation, that "w[e] have produced Mercer's systems documentation to you already," and that "Hewitt's systems documentation is proprietary, we have not yet sought their permission to disclose it to you," but "we will do so now." [Motion, Exh. 4.]

On May 16, 2007, Plaintiffs responded by email asserting that "the electronic data" for the Plaintiffs' pension records "has [sic] not been produced," and that "the Plaintiffs are entitled to the electronic data and to whatever audit tables, reports or calculations the system can produce with that data." [Reply, Exh. 9.] In addition, with respect to the systems documentation, the Plaintiffs stated that the Mercer document is "not a systems manual" and that the Hewitt document was, in fact, a systems manual, but "appears to have been prepared in 1992," and did not reflect changes made to

the pension benefit. [*Id.*]  On June 14, 2007, Defendants responded that Defendants would produce "the raw data contained in the pension system" for the named Plaintiffs in "Excel spreadsheet format." [Motion, Exh. 5.]  On the issue of the systems documentation, counsel confirmed his understanding of the documentation/information requested, and stated that the systems information "is owned by Mercer . . . and Hewitt," and suggested that Plaintiffs, with Defendants' assistance if needed, obtain the documents by subpoena.  [*Id.*]  On June 18, 2007, Defendants delivered to Plaintiffs a CD containing "the imaged raw data from the pension system relating to the named plaintiffs." [Response, Exh. A.]  On June 22, 2007, Plaintiffs notified Defendants that the CD contained "some data for the named plaintiffs," but that it was not all of the data in the pension system for the Plaintiffs. [Reply, Exh. 10.]  Plaintiffs explained that the CD omitted information with respect to one of the Plaintiff's QDRO and its effect on his pension, as well as "additional historical information about the named plaintiffs' benefits under the old formula and the development of their cash balance accounts." [*Id.*]

On July 13, 2007, Defendants wrote to Plaintiffs regarding several "discovery issues."  With respect to the "'systems documentation' containing a list of all of the fields in Mercer's database and all of the coding used to make calculations on the data in those fields," as well as to "the data pertaining to Plaintiffs in Mercer's system (in its original electronic format)," Defendants explained that it was "Mercer's position that the fields and coding in its database are Mercer's property" and "Mercer has refused to provide the information to El Paso." [Response, Exh. D.]  Attached to the letter is a May 29, 2007 email from a principal of Mercer Human Resources Consulting, Inc. stating that the "coding and field name information from Mercer's Benecalc system . . . is proprietary to Mercer and is confidential. Therefore, we are unable to share the programming code, fields or system parameters outside of Mercer." [*Id.*]

3

II.     The Motions At Issue

Thereafter, on July 16, 2007, Plaintiffs filed the within Unopposed Renewed Motion to Amend Scheduling Order to Extend Time, requesting that expert witness disclosures and other subsequent deadlines be extended 90 days, since the Plaintiffs had not received requested documentation "necessary" for production of the expert reports. On July 20, 2007, the Court set a hearing on the Motion for July 31, 2007 [doc #145]; at the request of the parties, the hearing was rescheduled to August 9, 2007 [doc #150].

Meanwhile, on July 24, 2007, Plaintiffs filed the within Motion to Compel Production ("Motion"), requesting that the Court order Defendants to produce (1) all of the electronic data in El Paso's pension system for the named Plaintiffs, including historical data, and (2) all systems documentation for the El Paso Pension Plan, including data definitions and specifications of the tables and calculations that the pension system can generate. On August 8, 2007, the day before the scheduled hearing, Defendants filed a Response to the Motion to Compel ("Response") [doc #151]. Because the Motion to Extend and Motion to Compel were inter-related, the Court heard arguments on all matters raised in the Motions on August 9, 2007. The Court then reserved judgment on both Motions, and directed that Plaintiffs file a Reply to the Response to the Motion to Compel ("Reply") on or before August 20, 2007 [doc #152].

On or about July 31, 2007, Plaintiffs issued a subpoena to Mercer requesting "[a]ll electronic databases which Mercer Human Resource Consulting maintains in its capacity as the recordkeeper for the El Paso Corporation Pension Plan, and all systems documentation, including data definitions, related to those databases." [Response, Exh. E.] The subpoena was issued by the United States District Court for the Southern District of Texas. [*Id.*] In error, Mercer filed with this Court an

Unopposed Motion for Extension of Time to Object to Subpoena and Related Motion to Quash [doc #155], which was denied without prejudice [doc #157]. In essence, Mercer claimed that the requested information was deemed "a trade secret or other confidential research, development or commercial information" within the meaning of Fed. R. Civ. P. 45(c)(3)(B)(i), and that the governing Protective Order in this matter does not provide adequate protection for such information. [Doc #155 at ¶ 3.] This Court has no information as to the current status of the subpoena or Mercer's objections, if any.

## ANALYSIS

Based upon the foregoing, it appears undisputed that the third party, Mercer, has possession, custody and control of the electronic data, which is at issue and requested by Plaintiffs. The question, then, is whether Defendants have, or should have, possession, custody or control of the same data for purposes of Fed. R. Civ. P. 26(a)(1)(B), such that the Plaintiffs may seek to compel production from Defendants pursuant to Fed. R. Civ. P. 34(a).

The Federal Rules of Civil Procedure require production of documents "which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a) (2007). Courts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand. *Starlight International v. Herlihy,* 186 F.R.D. 626, 635 (D. Kan. 1999). "Control" comprehends not only possession, but also the right, authority, or ability to obtain the documents. *Super Film of Am., Inc. v. UCB Films, Inc.,* 219 F.R.D. 649, 651 (D. Kan. 2004). Therefore, Rule 34(a) enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence

the person in whose possession the documents lie. *Id.* The party seeking production of the documents bears the burden of proving that the opposing party has the control required under Rule 34(a). *Id.* at 653.

Here, Plaintiffs concede that Mercer has possession of the requested electronic information, and have even served Mercer with a subpoena demanding production of the data. At the same time, Plaintiffs contend that Defendants should have control of the requested data, since Defendants are required, pursuant to ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), to "maintain records with respect to each of [its] employees sufficient to determine the benefits due, or which may become due, to such employees." *See* Reply at 4. Defendants do not dispute that they are subject to the requirements of ERISA § 209(a)(1). Def. Suppl. Brief at 2.

The Department of Labor regulation interpreting ERISA § 209 provides standards concerning the use of electronic media for the maintenance and retention of records required to be kept by employers under that section. *See* 29 C.F.R. § 2520.107-1 (2007). The regulation states, in pertinent part, that "[t]he record maintenance and retention requirements of section. . . 209 of ERISA are satisfied when using electronic media if:

   (1) the electronic recordkeeping system has reasonable controls to ensure the integrity, accuracy, authenticity, and reliability of the records kept in electronic form;

   (2) the electronic records are maintained in reasonable order and in a safe and accessible place, and in such manner as they may be readily inspected or examined (for example, the recordkeeping system should be capable of indexing, retaining, preserving, retrieving and reproducing the electronic records);

   . . .

   (4) the electronic recordkeeping system is not subject, in whole or in part, to any agreement or restriction that would, directly or indirectly compromise or limit a person's ability to comply with any reporting and disclosure requirement or any other obligation under Title I of ERISA; . . . .

6

*Id.* at § 2520.107-1(b). Nothing in this regulation, nor in any case law interpreting the statute or regulation, removes an employer's responsibilities for the proper maintenance and retention of its pension and welfare plan records. In fact, the regulation specifically directs employers as to *how* to maintain and retain its records using electronic media. Therefore, when an employer chooses to use electronic means by which to maintain and retain the records required pursuant to ERISA § 209, the employer has the duty to ensure that the standards advanced in § 2520.107-1(b) are met.

There is no dispute that the information and data requested by the Plaintiffs exist. Defendants have raised no objection to producing the information and data, except for their contention that they do not possess it (and that Mercer objects to its disclosure). However, ERISA imposes upon the Defendants the duty to ensure that the "recordkeeping system has reasonable controls" such that its employee benefits records are "accessible . . . in such a manner as they may be readily inspected or examined." While the Defendants claim they have no control over information concerning the "computerized infrastructure" (recordkeeping system) Mercer uses to administer the Plan and maintain its benefit records, such claim is contradicted by the plain language of § 2520.107-1(b)(1). Defendants cannot delegate their duties to a third party under ERISA § 209. *See* Def. Suppl. Brief at 3. Consequently, Defendants are in possession, custody or control over the requested data, within the meaning of Fed. R. Civ. P. 26(a)(1)(B), such that they have, or should have, the authority and ability to obtain the requested data.

## CONCLUSION

Based upon the foregoing, it is hereby ORDERED that the Plaintiffs' Motion to Compel Production [filed July 24, 2007;doc #146] is **granted**. Defendants must provide the information and/or documents requested by Plaintiffs in the Motion to Compel on or before **September 30, 2007**.

It is further ORDERED that, for good cause shown, the Unopposed Renewed Motion to Amend Scheduling Order to Extend Time [filed July 16, 2007; doc #143] is **granted in part** and **denied in part**.  The remaining deadlines in this case are extended as follows:

Deadline for initial expert reports (based on burden of proof) and Rule 26(a)(2) information: October 31, 2007;

Deadline for rebuttal expert reports and Rule 26(a)(2) information: December 15, 2007;

Discovery cut-off: January 31, 2008;

Dispositive motion deadline: March 3, 2008.

It is further ORDERED that the Final Pretrial Conference currently scheduled in this case for January 17, 2008 is **vacated** and **rescheduled to April 16, 2008 at 9:30 a.m.**  The conference will take place in the Byron G. Rogers United States Courthouse at 1929 Stout Street, Room C203.  A Final Pretrial Order shall be prepared by the parties and submitted to the Court pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L. no later than April 9, 2008.  The parties shall prepare the proposed Final Pretrial Order in accordance with the applicable form, which can be found in the forms section of the court's website at www.co.uscourts.gov.

Dated at Denver, Colorado, this 31st day of August, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge