## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02686-WDM-CBS

WAYNE TOMLINSON,
ALICE BALLESTEROS,
GARY MUCKELROY,
individually and on
behalf of all others similarly situated,

        Plaintiffs,

v.

EL PASO CORPORATION, and
EL PASO PENSION PLAN,

        Defendants.

_____

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO ALTER
## OR AMEND JUDGMENT ENTERED ON JANUARY 23, 2009

_____

Stephen R. Bruce
Allison C. Pienta
805 15th St., NW, Suite 210
Washington, D.C. 20005
202 / 371-8013
stephen.bruce@prodigy.net

Barry D. Roseman
McNamara, Roseman, Martinez &
Kazmierski, LLP
1640 East 18th Avenue
Denver, CO 80218-1202
303 / 333-8700
bdr@18thavelaw.com

Attorneys for Plaintiffs

## <u>Memorandum in Support of Motion to Alter or Amend Judgment</u>

Federal Rule of Civil Procedure 59(e) provides that this Court has the authority to alter or amend the judgment entered on January 23, 2009 based on a motion filed no later than 10 days after entry of judgment. As this Court's decision dated January 21, 2009 states, a Rule 59(e) motion should be granted to address "an intervening change in the controlling law." Slip Op. at 4 (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). On January 29, 2009, the President signed the Lilly Ledbetter Fair Pay Act of 2009 into law, P.L. 111-2.[1] Plaintiffs respectfully submit that the Ledbetter Act is "an intervening change in the controlling law."[2]

The Supreme Court has held that a court should "apply the law in effect at the time it renders its decision" even when a case is "pending on appeal." *Landgraf v. USI Film Products*, 511 U.S. 244, 269-75 (1994).[3]  The Supreme

---

[1] For the Court's convenience, P.L. 111-2 is attached at the end of this Memorandum.

[2] This Motion and Memorandum are limited to the intervening change in the law effected by the Ledbetter Act. Although Plaintiffs believe the January 21, 2009 Decision is incorrect in other respects, this Motion is limited to that Act. Plaintiffs are, of course, not waiving their right to appeal on other grounds.

[3] The exception is when the intervening change in the law attaches "new legal consequences" to conduct, such as a new provision for exemplary or punitive damages. *Landgraf*, 511 U.S. at 269-70.

1

Court has "regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed." *Id*. at 274.

The Ledbetter Act was based on Congress' determination, expressed directly in the legislation, that the Supreme Court's decision in *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007), "significantly impairs statutory protections against discrimination in compensation that Congress established and that have been bedrock principles of American law for decades." Congress determined that "[t]he *Ledbetter* decision undermines those statutory protections by unduly restricting the time period in which victims of discrimination can challenge and recover for discriminatory compensation decisions or other practices, contrary to the intent of Congress."

P.L. 111-2 accordingly amends Title VII of Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (the ADEA), the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990 (ADA) to provide that:

> "*an unlawful [employment] practice occurs*, with respect to discrimination in compensation in violation of this Act, when a discriminatory compensation decision or other practice is adopted, when a person becomes subject to a discriminatory compensation decision or other practice, or *when a person is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other*

2

> *compensation is paid, resulting in whole or in part from such a decision or other practice.*"

Emph. added. With respect to the ADEA, the Act thus amends Section 7(d), 29 U.S.C.§626(d), to specifically set forth when an "unlawful practice" occurs for purposes of the charge filing requirements. The Act expressly provides that it "take[s] effect as if enacted on May 28, 2007" (the day before the Supreme Court's *Ledbetter* decision) and that it shall "apply to all claims of discrimination in compensation ... that are pending on or after that date."[4]

This Court's January 21, 2009 decision and January 23, 2009 judgment dismissed the Plaintiffs' ADEA charge on the basis of the Supreme Court's *Ledbetter* decision. The Court's decision states that "Because the plan is age-neutral, I conclude that the statute of limitations is governed by *Ledbetter*, not by *Bazemore*." Slip Op. at 12. On this basis, the Court decided that Mr. Tomlinson's charge of age discrimination was "time-barred." *Id*.

In *Bazemore v. Friday*, 478 U.S. 385, 395 (1986), the Supreme Court held that even though a racially discriminatory compensation structure was adopted before the effective date of Title VII, "[e]ach week's paycheck that deliver[ed] less

---

[4] In addition to the express inclusion of the term "benefits" in the Act, the ADEA specifically provides that "[t]he term 'compensation, terms, conditions, or privileges of employment' encompasses all employee benefits, including such benefits provided pursuant to a bona fide employee benefit plan." 29 U.S.C. §630(l), as amended in 1990.

3

to a black than to a similarly situated white is a wrong actionable under Title VII."

The Tenth Circuit has consistently applied this principle in cases decided after

*Bazemore* to claims of allegedly discriminatory practices under Title VII,[5] the

ADEA.[6] and the Americans with Disabilities Act.[7]

As this Court observed, Slip Op. at 11, *Ledbetter* appeared to limit the

holding in *Bazemore* to cases in which the allegedly discriminatory practice is not

pursuant to a system that is "facially nondiscriminatory and neutrally applied."

*Ledbetter*, 127 S.Ct. at 2174. As the Tenth Circuit's precedents show, this was a

major shift in the Supreme Court's construction of *Bazemore*.

One day before this Court's judgment was entered, the United States Senate

passed the Ledbetter Fair Pay Act as S. 181. The House of Representatives had

already passed a bill, H.R. 11, with identical language on January 9, 2009. On

January 27, 2009, the House re-enacted the same bill on a stand-alone basis and

President Obama signed the legislation into law on January 29, 2009–less than 10

---

[5] *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1187 (10th Cir. 2006); *Goodwin v. Gen. Motors Corp.*, 275 F.3d 1005, 1010 (10th Cir. 2002).

[6] *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001), cert. denied, 536 U.S. 934 (2002); *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 614-15 (10th Cir. 1988); *Furr v. AT&T Technologies*, 824 F.2d 1537, 1543-44 (10th Cir. 1987).

[7] *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1186 (10th Cir. 2003).

4

days after entry of the Court's judgment.

Based on "the intervening change in the controlling law" effected by the Ledbetter Act, Plaintiffs respectfully ask this Court to alter or amend the January 23, 2009 judgment to reflect that the charge of age discrimination in this case was filed within 300 days of "when a person [was] affected by application of [the] discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation [were] paid, resulting in whole or in part from such decision or other practice."

This Court's earlier decision on Plaintiffs' motion for conditional approval of an ADEA collective action held that "Plaintiffs' Motion to Certify Class and Conditional Approval of ADEA Collective Action (doc no 107) is granted in part and denied in part without prejudice.  Plaintiffs are entitled to conditional approval of their ADEA collective action upon my satisfaction that the claim is not barred by the statute of limitations" and "[o]n the condition that Plaintiffs submit a notice containing an amended class definition" which limits the class "to individuals whose benefits were subject to a wear away period."  3/19/2008 Slip Op. (dkt.#213) at 15, 20.  As this Court directed, Plaintiffs filed the amended ADEA collective action definition on March 28, 2008.  Dkt. #217. The Court further held that "[i]n the event I determine that the charge was timely filed,...Plaintiffs may

resubmit the ADEA collective action notices and consent forms for my approval."

3/19/2008 Slip Op. at 17. Consistent with this decision, Plaintiffs are resubmitting

the ADEA collective action notice and consent form (with the amended collective

action definition) for the Court's approval so that the notice and opt-in process in

this collective action can proceed.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully ask this Court to alter or

amend the judgment entered on January 23, 2009 to find that Mr. Tomlinson's age

discrimination charge was timely filed under the Age Discrimination in

Employment Act, as amended by the Lilly Ledbetter Fair Pay Act of 2009, P.L.

111-2. Plaintiffs further request that the Court approve the ADEA collective

action notice and consent form previously submitted in accordance with this

Court's March 19, 2008 decision. A proposed Order accompanies this Motion

with the notice and consent form.

DATED:  February 6, 2009

                             Respectfully submitted,

                              s/ Stephen R. Bruce
                             Stephen R. Bruce
                             Allison C. Pienta
                             805 15th St., NW, Suite 210
                             Washington, D.C. 20005
                             202 / 371-8013

stephen.bruce@prodigy.net

 s/ Barry D. Roseman
Barry D. Roseman
McNamara, Roseman, Martinez &
Kazmierski, LLP
1640 East 18th Avenue
Denver, CO 80218-1202
303 / 333-8700
bdr@18thavelaw.com

Attorneys for Plaintiffs



PL 111-2, 2009 S 181                                                                                              Page 1
PL 111-2, January 29, 2009, 123 Stat 5
**(Cite as: 123 Stat 5)**

### UNITED STATES PUBLIC LAWS
### 111th Congress - First Session
### Convening January 04, 2009

Copr. © 2009 Thomson Reuters. No Claim to Orig. U.S. Govt.Works

Additions and Deletions are not identified in this database.
Vetoed provisions within tabular material are not displayed

PL 111-2 (S 181)
January 29, 2009
LILLY LEDBETTER FAIR PAY ACT OF 2009

An Act To amend title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, and to modify the operation of the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973, to clarify that a discriminatory compensation decision or other practice that is unlawful under such Acts occurs each time compensation is paid pursuant to the discriminatory compensation decision or other practice, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States
of America in Congress assembled,

<< 42 USCA § 2000a NOTE >>

SECTION 1. SHORT TITLE.

This Act may be cited as the "Lilly Ledbetter Fair Pay Act of 2009".

<< 42 USCA § 2000e-5 NOTE >>

SEC. 2. FINDINGS.

Congress finds the following:

(1) The Supreme Court in Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618 (2007), significantly impairs statutory protections against discrimination in compensation that Congress established and that have been bedrock principles of American law for decades. The Ledbetter decision undermines those statutory protections by unduly restricting the time period in which victims of discrimination can challenge and recover for discriminatory compensation decisions or other practices, contrary to the intent of Congress.

(2) The limitation imposed by the Court on the filing of discriminatory compensation claims ignores the reality of wage discrimination and is at odds with the robust application of the civil rights laws that Congress intended.

PL 111-2, 2009 S 181                                                                          Page 2
PL 111-2, January 29, 2009, 123 Stat 5
**(Cite as: 123 Stat 5)**

(3) With regard to any charge of discrimination under any law, nothing in this Act is intended to preclude or limit an aggrieved person's right to introduce evidence of an unlawful employment practice that has occurred outside the time for filing a charge of discrimination.

(4) Nothing in this Act is intended to change current law treatment of when pension distributions are considered paid.

<< 42 USCA § 2000e-5 >>

SEC. 3. DISCRIMINATION IN COMPENSATION BECAUSE OF RACE, COLOR, RELIGION, SEX, OR NATIONAL ORIGIN.

Section 706(e) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-5(e)) is amended by adding at the end the following:

"(3)(A) For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this title, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or **\*6** when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

"(B) In addition to any relief authorized by section 1977A of the Revised Statutes (42 U.S.C. 1981a), liability may accrue and an aggrieved person may obtain relief as provided in subsection (g)(1), including recovery of back pay for up to two years preceding the filing of the charge, where the unlawful employment practices that have occurred during the charge filing period are similar or related to unlawful employment practices with regard to discrimination in compensation that occurred outside the time for filing a charge.".

SEC. 4. DISCRIMINATION IN COMPENSATION BECAUSE OF AGE.

Section 7(d) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 626(d)) is amended--

(1) in the first sentence--

<< 29 USCA § 626 >>

   (A) by redesignating paragraphs (1) and (2) as subparagraphs (A) and (B), respectively;  and

<< 29 USCA § 626 >>

   (B) by striking "(d)" and inserting "(d)(1)";

<< 29 USCA § 626 >>

(2) in the third sentence, by striking "Upon" and inserting the following:

"(2) Upon"; and

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

PL 111-2, 2009 S 181
PL 111-2, January 29, 2009, 123 Stat 5
**(Cite as: 123 Stat 5)**

Page 3

<< 29 USCA § 626 >>

(3) by adding at the end the following:

"(3) For purposes of this section, an unlawful practice occurs, with respect to discrimination in compensation in violation of this Act, when a discriminatory compensation decision or other practice is adopted, when a person becomes subject to a discriminatory compensation decision or other practice, or when a person is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.".

SEC. 5. APPLICATION TO OTHER LAWS.

<< 42 USCA § 2000e-5 NOTE >>

(a) AMERICANS WITH DISABILITIES ACT OF 1990.--The amendments made by section 3 shall apply to claims of discrimination in compensation brought under title I and section 503 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq., 12203), pursuant to section 107(a) of such Act (42 U.S.C. 12117(a)), which adopts the powers, remedies, and procedures set forth in section 706 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-5).

<< 42 USCA § 2000e-5 NOTE >>

(b) REHABILITATION ACT OF 1973.--The amendments made by section 3 shall apply to claims of discrimination in compensation brought under sections 501 and 504 of the Rehabilitation Act of 1973 (29 U.S.C. 791, 794), pursuant to--

(1) sections 501(g) and 504(d) of such Act (29 U.S.C. 791(g), 794(d)), respectively, which adopt the standards applied under title I of the Americans with Disabilities Act of 1990 for determining whether a violation has occurred in a complaint alleging employment discrimination; and

(2) paragraphs (1) and (2) of section 505(a) of such Act (29 U.S.C. 794a(a)) (as amended by subsection (c)).

(c) CONFORMING AMENDMENTS.--

(1) REHABILITATION ACT OF 1973.--Section 505(a) of the Rehabilitation Act of 1973 (29 U.S.C. 794a(a)) is amended--

*7

<< 29 USCA § 794a >>

  (A) in paragraph (1), by inserting after "(42 U.S.C. 2000e-5 (f) through  (k))" the following:  "(and the application of section 706(e)(3) (42 U.S.C. 2000e-5(e)(3)) to claims of discrimination in compensation)";  and

<< 29 USCA § 794a >>

  (B) in paragraph (2), by inserting after "1964" the following:  "(42 U.S.C. 2000d et seq.) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C. 2000e-5), applied to claims of discrimination in compensation)".

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

<< 42 USCA § 2000e-16 >>

(2) CIVIL RIGHTS ACT OF 1964.--Section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16) is amended by adding at the end the following:

"(f) Section 706(e)(3) shall apply to complaints of discrimination in compensation under this section.".

<< 29 USCA § 633a >>

(3) AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967.--Section 15(f) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(f)) is amended by striking "of section" and inserting "of sections 7(d)(3) and".

<< 42 USCA § 2000e-5 NOTE >>

SEC. 6. EFFECTIVE DATE.

This Act, and the amendments made by this Act, take effect as if enacted on May 28, 2007 and apply to all claims of discrimination in compensation under title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.), the Age Discrimination in Employment Act of 1967 (29 U.S.C. 621 et seq.), title I and section 503 of the Americans with Disabilities Act of 1990, and sections 501 and 504 of the Rehabilitation Act of 1973, that are pending on or after that date.

Approved January 29, 2009.

PL 111-2, 2009 S 181

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.