IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 04-cv-02686-WDM-CBS

WAYNE TOMLINSON,
ALICE BATTESTEROS, and
GARY MUCKELROY, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

EL PASO CORPORATION, and
EL PASO PENSION PLAN,

    Defendants.

## ORDER

In April 2008, Christopher Toll, a member of the law firm of Holland & Hart, appeared on behalf of Mercer (US) Inc. ("Mercer"), a non-party in this proceeding to dispute certain discovery requests of Plaintiffs. I routinely recuse myself whenever an attorney with Holland & Hart appears on behalf of a party because of my daughter-in-law's status with that firm, now as an inactive partner. Apparently because Mr. Toll's representation was of a non-party, his involvement did not come to my attention until after my January 21, 2009 order resolving the matters at issue between the parties. All of the discovery issues involving Mercer had been routinely referred to Magistrate Judge Craig B. Shaffer and resolved by him. On February 6, 2009, Plaintiffs moved to alter my order and the judgment entered thereon because of the passage of the Lilly Ledbetter Fairplay Act of 2009 on January 29, 2009. On the same date Mercer

renewed its motion for attorney's fees which came to my attention.  I then advised the attorneys of the situation and inquired whether any party objected to my continuing to serve with regard to the Mercer discovery issues, including the attorney's fee request.  The Plaintiffs declined to waive any objection they may have.  Accordingly, I shall recuse myself as to those specific issues involving Mercer pursuant to 28 U.S.C. § 455(a) because my impartiality might reasonably be questioned.  However, this recusal is limited to those separate issues.  To avoid any prejudice while maintaining the convenience of the parties, only the Mercer issues shall be separately tried pursuant to Fed. R. Civ. P. 42(b) as I otherwise have the duty to continue to serve on all matters in dispute between the Plaintiffs and Defendants.

Accordingly, it is ordered as follows:

1.  Pursuant to Fed. R. Civ. P. 42(b), all matters at issue between the non-party Mercer (US) Inc. and the Plaintiffs, including Mercer's Amended Rule 45 Request for Reimbursement of Attorney's Fees (doc. no. 333) shall be separately administered and tried, preserving any federal right to a jury trial on those issues.

2.  I hereby recuse myself from serving on all such issues concerning non-party

Mercer (US) Inc. and direct that the Clerk of the court assign those issues to one of my colleagues by random draw, maintaining the case assignment with myself for all other issues, including all matters at issue between the Plaintiffs and Defendants.

DATED at Denver, Colorado, on May 19, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge