**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-cv-02686-WDM-CBS

WAYNE TOMLINSON,
ALICE BALLESTEROS, and
GARY MUCKELROY, individually and
on behalf of all others similarly situated,

                                Plaintiffs,

                                v.

EL PASO CORPORATION and
EL PASO PENSION PLAN,

                                Defendants.

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS'
MOTION TO ALTER OR AMEND JUDGMENT**

---

**COME NOW** the Plaintiffs, by and through their attorneys, Stephen R. Bruce and McNamara, Roseman, Martinez & Kazmierski, LLP, to respond to Defendants' Notice of Supplemental Authority Regarding Plaintiffs' Motion to Alter or Amend Judgment:

    1.    The Supreme Court's recent decision in *Hulteen v. AT&T Corp.*, 129 S.Ct. 1962 (May 18, 2009) is not significant for this Court's pending decision on whether to alter or amend its judgment on the timeliness of the ADEA claims in

light of the Lilly Ledbetter Fair Pay Act. In *Hulteen*, the Supreme Court held that AT&T did not violate Title VII by excluding maternity leaves before 1979 in calculating net credited service for pension purposes. Because the Pregnancy Discrimination Act ("PDA") was not effective until April 29, 1979, the Supreme Court held that AT&T's practice of excluding maternity leaves before the PDA became effective was "a permissible differentiation given the law at the time." *Id*. at 1971. The Court held that the differentiation of maternity leave had been "applied only prior to the PDA" and that Hulteen's challenge was to "past, completed events, that were entirely lawful at the time they occurred." *Id*. at 1966 and 1972. *Hulteen* further held that Congress' enactment of the Ledbetter Act did not alter that conclusion for "essentially the same" reason: AT&T's pre-PDA rule was not discriminatory at the time that it was applied and Ms. Hulteen was therefore not "affected by application of a <u>discriminatory</u> compensation decision or other practice" within the requisite days of her charge. *Id*. at 1973 (emph. added).

  **2.** Here, in contrast, El Paso's application of a "wear-away" transition design, which caused older El Paso employees not to earn additional retirement benefits for a period of years, occurred more than <u>three decades after</u> the ADEA was enacted in 1967 and was thus discriminatory at the time that El Paso adopted

the transition design and at all times during which it has been applied. The Ledbetter Act makes clear that Mr. Tomlinson's charge of age discrimination is timely because the charge was filed within 300 days of "when a person is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation are paid, resulting in whole or in part from such decision or other practice." P.L. 111-2, §4 (amending ADEA §7(d)); see also Pls. Mem. in Support of Mot. to Alter or Amend (dkt.#314) at 2-5 and Pls. Reply (dkt.#330) at 1-3.

    **3**.    Subsequent to Plaintiffs' February 6, 2009 motion and March 3, 2009 reply, a number of other courts have applied the Ledbetter Act to pending cases. See, e.g., *Lipscomb v. Winter*, 2009 U.S. App. LEXIS 7036, *1 (D.C. Cir. April 3, 2009) (on court's own motion, remanding claims for further consideration in light of Ledbetter Act); *Shea v. Clinton*, 2009 U.S. App. LEXIS 7142, *2 (D.C. Cir. Apr. 2, 2009) (remanding case because Ledbetter Act is "intervening change in the law altering the basis of the district court's decision at issue on appeal"); *Gentry v. Jackson State Univ.*, 2009 U.S. Dist. LEXIS 35271, *6 (S.D. Miss. April 17, 2009) (denying motion for summary judgment on limitations grounds; denial of tenure was a compensation decision or other practice affecting compensation under the Ledbetter Fair Pay Act); *Shockley v. Minner*, 2009 U.S. Dist. LEXIS 31289, *3

(D.Del. Mar. 31, 2009) (denying defendants' motion for reconsideration because the court "agrees with Plaintiff that Congress has explicitly overruled the decision and logic of the *Ledbetter* decision"); *Knox v. Centric Group*, 2009 WL 875513, *4 (D.Nev. March 30, 2009) (pay discrimination charges were timely under the Ledbetter Act); *Goodlett v. Delaware*, 2009 WL 585451, *6 (D.Del. March 6, 2009) ("the law in this regard was recently changed, such that the 300-day clock for filing a Title VII pay disparity claim starts anew with each discriminatory pay period").[1]

**4**.   Defendants' argument that *Hulteen* reaffirms the Supreme Court's view of its holding in *Bazemore v. Friday*, 478 U.S. 385 (1986), is a non-sequitur. The issue presently before this Court is the effect of the Lilly Ledbetter Fair Pay Act. Contrary to Defendants' assertion, Plaintiffs' motion to alter or amend does not "stand or fall[] on whether *Bazemore* is limited to facially discriminatory practices or not." Mem. at 3.  Instead, it rests on the Ledbetter Act. This Court's January 21, 2009 decision found that "because the plan is age-neutral, I conclude that the statute of limitations is governed by *Ledbetter*, not by *Bazemore*." Slip Op. at 12. If this Court had decided that *Bazemore* governed, it would not have

---

[1] Plaintiffs' March 3, 2009 reply also cites *Gilmore v. Macy's Retail Holdings*, 2009 WL 305045, *2 (D.N.J. Feb. 4, 2009) ("Congress expressly indicated that the FPA was to apply retroactively"). Dkt. #330 at 4.

dismissed the ADEA charge at all. Only six days later, Congress legislatively overturned the *Ledbetter* decision by enacting the Ledbetter Act. Because this Court relied on the *Ledbetter* decision, Plaintiffs moved to alter or amend the judgment. Under Section 7(d) of the ADEA, as amended by the Ledbetter Act, Mr. Tomlinson's charge of age discrimination is timely and should be reinstated.

Dated: June 2, 2009

          Respectfully submitted,

          s/ Stephen R. Bruce
          Stephen R. Bruce
          Allison C. Pienta
          805 15th St., NW, Suite 210
          Washington, D.C. 20005
          Telephone: (202) 371-8013
          FAX: (202) 371-0121
          E-mail: stephen.bruce@prodigy.net

          s/ Barry D. Roseman
          McNamara, Roseman, Martinez & Kazmierski, LLP
          1640 East 18th Avenue
          Denver, CO 80218-1202
          303 / 333-8700
          E-mail: bdr@18thavelaw.com

          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 2nd day of June 2009, a true and correct copy of the above and foregoing Plaintiffs' Response to Defendants' Notice of Supplemental Authority Regarding Plaintiffs' Motion to Alter or Amend Judgment was sent via CM/ECF electronic filing, addressed to the following counsel:

Darren E. Nadel
LITTLER MENDELSON, P.C.
One Tabor Center
1200 17th Street, Suite 1000
Denver, CO 80202

Christopher J. Rillo, Esq.
GROOM LAW GROUP
1700 Pennsylvania Ave., N.W.
Washington, D.C. 20006-5893

Attorneys for Defendants

s/ Stephen R. Bruce