IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 04-cv-02686-WDM-MEH

WAYNE TOMLINSON,
ALICE BALLESTEROS, and
GARY MUCKELROY, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

EL PASO CORPORATION, and
EL PASO PENSION PLAN,

    Defendants.

## ORDER ON MOTION FOR REVIEW OF COSTS TAXED

Miller, J.

This matter is before me on the Motion for Taxation of Costs (ECF No. 420) filed by Defendants El Paso Corporation and El Paso Pension Plan (collectively "El Paso"), requesting the taxation of certain costs excluded by the Clerk of the Court upon review of Defendants' Bill of Costs. See Clerk's Award of Costs, ECF No. 412. Plaintiffs oppose the motion. For the reasons set forth below, the motion will be granted in part and denied in part.

Defendants were awarded costs as the prevailing parties in this litigation. They submitted a Bill of Costs (ECF No. 395) seeking $141,423.03 in costs; approximately $98,000.00 of that amount was attributable to "Mercer[1] electronic discovery ordered by Court." *Id.* After a hearing, the Clerk awarded Defendants $5220.25, representing

---

[1]Mercer is the name of the entity that administers the pension at issue in this litigation.

$4,086.35 for the costs of transcripts (limited to those used in the motions), witness fees of $1,021.00, and copying charges of $120.90 (limited to only documents used as attachments in dispositive motions and briefs).

El Paso seeks review of this award and additional costs, specifically (1) court reporter transcript fees for hearings with the Magistrate Judges in this case, depositions not cited in the briefs, expedited rough drafts of transcripts, and additional costs related to videotaped depositions; (2) costs of converting all documents to electronic form; (3) costs incurred in making Mercer's pension software and records available to Plaintiffs in response to discovery requests.

At issue here are costs authorized pursuant to 28 U.S.C. § 1920, most pertinently the following:

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

*Id.* The taxing of costs is within my discretion and is guided by whether the costs are for materials necessarily obtained for use in the case. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). Costs for materials that merely added to the convenience of counsel are not allowable. *In Re Williams Sec. Litig.*, 558 F.3d 1144, 1147-48 (10th Cir. 2009).

I will address each of Defendants' requests in turn.

1.  Additional Transcripts

Defendants argue that transcripts of hearings with the Magistrate Judges "were

necessary in understanding El Paso's discovery obligations in light of the direction given by the Magistrates and also in analyzing whether to appeal some of the Magistrate Judges' rulings." Mot., ECF No. 420, at 5. Defendants' description of the need for this information shows it to be for the convenience of counsel and I decline to award these costs.

Defendants also argue that they are entitled to the costs of transcripts from depositions not used in the dispositive motions. Among these are the depositions of Plaintiffs' experts, Robert Bardwell and Claude Poulin. Defendants contend that depositions were needed in order to understand their expert reports and to anticipate or rebut arguments Plaintiffs might make and to prepare for cross examination at trial. Mot., at 5. Defendants have demonstrated that these costs were necessarily incurred for the case. Although such depositions were not used in the motions, because the expert opinions went to issues of fact and damages, they would reasonably be needed in preparation for trial and for impeachment. I will award Defendants the costs for the deposition transcripts of these two witnesses. However, as discussed further below, I will not include costs associated with video of Mr. Bardwell's deposition, or expedited delivery fees. Accordingly, I will award $1,447.65 for Mr. Poulin's deposition transcript, as supported by the invoice contained in ECF No. 395-7 (at p. 15 of 33), and $1,328.00 for Mr. Bardwell's deposition transcript, as supported by the invoice contained in ECF No. 395-15 (at p.3 of 3).

Defendants contend that the transcripts of their own witnesses whose depositions were taken by Plaintiffs were needed "to ensure that any references made to them by Plaintiffs during motions practice were accurate, to determine which facts

3

were and were not disputed so that El Paso's summary judgment motion could be limited to those facts that were undisputed, and to anticipate the arguments Plaintiffs might make in response to El Paso's motions." Mot., at 5. I am not persuaded that these costs were necessarily incurred, as much of this information would have been available from simply being present at the deposition. Accordingly, I will deny the motion in this regard.

Defendants next argue that they should be awarded their costs to obtain expedited rough drafts of Plaintiffs' deposition transcripts, because the depositions were held consecutively and counsel needed the transcripts to prepare for other deponents. This again appears to be an issue of the convenience of counsel, rather than a cost that had to be incurred to prepare the case.

Finally, Defendants request that they be reimbursed for costs incurred for videotaping, videotape synchronization, and etranscripts. They contend that they intended to be able to use deposition videos at trial. I agree that this may be a cost necessarily and reasonably incurred in case preparation. *See, e.g., Tilton v. Capital Cities, ABC Inc.,* 115 F.3d 1471, 1477-78 (10th Cir. 1997). Here, however, Defendants' cursory explanation, with no identification of which depositions were videorecorded, why a video was deemed necessary for that witness, and specifically how such video was or was expected to be used, is not sufficient to persuade me of the need for video in addition to written transcripts. Accordingly, I will deny this aspect of the request.

    2.    <u>Electronic copying costs</u>

In their Bill of Costs, Defendants sought approximately $20,775.24 in copying costs, approximately $13,736.35 of which was apparently associated with converting

4

documents into electronic format for discovery purposes.  Defendants argue that such processes amount to the modern day version of copying and that, moreover, the parties had agreed to produce electronically stored information in the same format or a readily usable format, which necessitated such services.

I am persuaded by authority cited by Plaintiffs that copying, and electronic conversion, costs are not recoverable when there is no explanation regarding the use made of such materials and therefore no showing of the nature or necessity of the copied documents.  *See, e.g., Helms v. Wal-Mart Stores, Inc.*, 808 F.Supp. 1568, 1570 (N.D. Ga. 1992) ("A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made.").  Similarly, I agree with Plaintiffs that Defendants' invoices include charges for much more than simple conversion to electronic format, but no attempt is made to itemize out the various components of the invoice.  Under the circumstances, I conclude that Defendants have not adequately demonstrated that these costs were necessarily incurred in the case preparation.  Therefore, I will not modify the Clerk's award with respect to costs related to exemplification and copies.

    3.    <u>Costs incurred in creating intraweb for Mercer's software</u>

Finally, Defendants seek reimbursement of the $98,000.00 in costs incurred in creating a secure website in order to give Plaintiffs access to the software program used to administer the pension plan.  Plaintiffs requested the software in their discovery requests and clearly the cost of creating a secure website was considerable.  While this cost may have been necessarily incurred, it does not appear to be among the costs that I am authorized to award pursuant to section 1920.  It is possible that some of the costs

of this electronic discovery could have been shifted during the discovery process upon a showing that the expense was undue.  See Fed. R. Civ. P. 26(b)(2)(B); *OpenTV v. Liberate Tech.*, 219 F.R.D. 474 (N.D. Cal. 2003) (determining that parties should share equally in the cost of extracting source code but defendant should bear cost of copying code once extracted).  However, Defendants have not provided me any persuasive legal authority to demonstrate that I have the power to make such adjustments at this time as an award of costs.

Accordingly, it is ordered:

1. El Paso's Motion for Taxation of Costs (ECF No. 420) is granted in part and denied in part.  It is granted with respect to Defendants' request for costs incurred in connection with the deposition transcripts of Claude Poulin ($1,447.65) and Robert Bardwell ($1,328.00).  Accordingly, the costs awarded are increased from $5,220.25 to $7,995.90.

2. The motion is otherwise denied.

DATED at Denver, Colorado, on June 9, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge